# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

    Plaintiffs,

vs.

RUSSELL PIKE,

    Defendant.

Case No. 2:09-cr-00147-JCM-GWF

**ORDER**

Application for Disclosure of PSR and Supervision Records (#53)
Motion for Subpoena Duces Tecum (#54)

This matter is before the Court on Defendant's Application for Disclosure of Presentence Investigation Report and Supervision Records (#53), filed on August 8, 2011, and Defendant's Motion for Rule 17(c) Subpoenas Duces Tecum (#54), filed on August 8, 2011. The Government filed no opposition to either motion. The Court conducted a hearing on these motions on September 8, 2011. During the hearing, the Court orally granted both motions, this written order follows.

## BACKGROUND

Defendant was indicted on April 14, 2009. The one-count indictment charges Defendant with tax evasion in violation of 26 U.S.C. § 7201, occurring from on or about May 9, 2006 through at least on or about October 15, 2007 (*see* # 1). Specifically, the indictment alleges Defendant failed to pay taxes and committed other acts of evasion to conceal his true and correct income resulting from his involvement with Xyience Inc. Trial in this matter is currently scheduled for November 14, 2011 (#67).

. . .

**DISCUSSION**

A. **Motion for Subpoena Duces Tecum**

Defendant requests the early production of documents pursuant to Fed. R. Crim. Pro. 17(c). Pursuant to Rule 17(c), "the moving party must show: (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'" *United States v. Nixon,* 418 U.S. 683, 699-700 (1974).

Defendant request production of source records from Xyience Inc. Defendant submits that all prior efforts to obtain these documents have failed because of an ongoing adversarial bankruptcy proceeding; Defendant has tried to obtain these documents since 2007. Defendant further argues that the documents requested are necessary to present a complete defense because the requested documents bear directly on the amount of taxes, if any, Defendant might owe for the year 2006. The government filed no objection to this motion. During the hearing, the government represented to the Court that it has no objection to the Court granting Defendant's motion, but requested the Court order the subpoenaed records be delivered to the Clerk of the Court for inspection and review.

The Defendant has demonstrated that the requested documents are relevant to his defense and likely to be admissible at trial. Further, Defendant's diligent efforts to obtain the documents have failed, leading the Court to believe that these documents are not otherwise procurable. Further, Defendant has identified with specificity the documents and information to be subpoenaed. Defendant therefore has satisfied the requirements for a subpoena duces tecum under Rule 17(c). The Court will grant Defendant's request and order the subpoenaed documents be delivered to the Clerk of the Court.

B. **Application for Disclosure of PSR and Supervision Records**

Defendant also seeks an order for the disclosure of portions of the pre-sentence report and supervision records of the United States Department of Parole and Probation that contain

information about Defendant's financial condition and payment of restitution. In support of his motion, Defendant argues that the information contained in the PSR and supervision records is necessary to rebut the government's evidence at trial. The government notified defense counsel that it intends to introduce the Defendant's prior tax and/or financial information to demonstrate the Defendant's state of mind, intent, wilfulness, motive and/or absence of mistake. Defendant argues the financial information contained in the PSR and supervision records is therefore relevant to his defense and not readily available from other sources.

Presentence reports and supervision records are presumptively confidential and are generally not subject to disclosure to third parties. *See* Fed.R.Crim.P. 32(e). A district court has broad discretion to decide whether to order the disclosure of a PSR. *United States v. Gomez*, 323 F.3d 1305, 1307 (11th Cir. 2003). Courts are reluctant to release these reports to third parties because of the possibility that it would have a chilling effect on the disclosure of information that is used in a PSR. *United States Dep't of Justice v. Julian*, 486 U.S. 1, 12 (1988). A court therefore must only disclose a PSR when the defendant demonstrates a "compelling, particularized need for disclosure." *Gomez,* 323 F.3d at 1308. The compelling need must be articulated with specificity. *Id.* In addition, disclosure is only required when there is a reasonable likelihood that the disclosure will affect the trier of fact. *United States v. Anderson*, 724 F.2d 596, 598 (7th Cir.1984). A court should undertake an in camera review of the PSI to ensure disclosure is limited to the portions that are directly relevant to the stated need. *Gomez,* 323 F.3d at 1308.

Defendant has demonstrated sufficient need for the disclosure of his PSR and supervision records. The information contained therein may be necessary to rebut evidence presented during the government's case-in-chief. The records sought span a period of seven to ten years, and are likely not otherwise available through other sources. Because the Defendant is requesting his own prior PSR and supervision records in a matter that he was already sentenced in, the Court finds release of this information would not have any "chilling effect." The circumstances in this case support the disclosure of the Defendant's payment of restitution and financial information that may be contained in the Department of Parole and Probation's presentence report and supervisory records. As *United States v. Gomez*, 323 F.3d 1305, 1308 (11th Cir. 2003) states, the district court

should review the reports and records *in camera* to ensure that the disclosure is limited to those portions of the report which are directly relevant to the demonstrated need. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Rule 17(c) Subpoenas Duces Tecum (#54) is **granted**. The issuance and service of subpoenas identified in Defendant's Addendum to Motion for Rule 17(c) Subpoenas Duces Tecum (#71), shall be authorized, and the return date of the documents being subpoenaed shall be set to have the documents provided to the Clerk of the Court no later than **thirty (30) days** prior to the trial date, currently set for November 14, 2011.

**IT IS FURTHER ORDERED** that Defendant's Application for Disclosure of Presentence Investigation Reports and Supervision Records (#53) is **granted** as follows:

1. The disclosure of information from the presentence report and supervisory records shall be limited to information about Defendant Russell Pike's financial condition and the payment of restitution.

2. The United States Department of Parole and Probation shall deliver to the undersigned United States Magistrate Judge the presentence investigation report and supervisory records in <u>United States v. Russell Pike</u>, Case No. 2:97-CR-0155-LDG-RJJ for *in camera* review. The Court will review the records and enter an order identifying relevant records relating to Defendant Russell Pike's assets or financial condition and payment of restitution that are to be disclosed to Defendant's counsel.

3. Defendant's counsel may disclose the reports and records to the Defendant and to Defendant's expert witnesses or consultants only for the purpose of presenting a defense in this action. Neither Defendant, his counsel nor experts or consultants may disclose the records to any third person without the prior written authorization of the Court.

DATED this 14th day of September, 2011.

GEORGE FOLEY, JR.
United States Magistrate Judge